**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: August 15 2018**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 10-37910 |
| | ) | |
| Randy E. Witt and | ) | Chapter 7 |
| Sherry E. Witt, | ) | |
| | ) | Adv. Pro. No. 18-3023 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Randy E. Witt, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| Partners for Payment Relief DE II LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION AND ORDER GRANTING MOTION TO DISMISS

Plaintiffs, through their attorney, commenced this adversary proceeding by filing a document [Doc. # 1] captioned "Motion to Void Lien and Determine the Dischargeability of Debt," which the court is treating as an adversary complaint ("Complaint"). [*See* Doc. # 11 (Adversary Proceeding Scheduling Order entered April 13, 2018)]. Defendant's response [Doc. # 3] to the Complaint is captioned a memorandum in opposition to the document the court is treating as a Complaint. The court construes Defendant's response as a motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which applies in bankruptcy adversary proceedings under Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. [*See id.*]. Plaintiffs have filed their response to the motion [Doc. # 16] and Defendant has filed

a reply [Doc. # 17].

Notwithstanding the caption of the Complaint, Plaintiffs do not seek a dischargeability determination of any debt, nor do they seek to avoid a lien. The introductory paragraph of the Complaint states that Plaintiffs are seeking injunctive relief against Defendant for violation of 11 U.S.C. § 524(a)(2). [Doc. # 1, Complaint, p. 1]. While the introductory paragraph also states that "Plaintiffs are contending that the Real Estate in question after a Section 506(d) valuation lacks sufficient equity to deem Defendant's mortgage as secured," [*Id.*], as discussed below, that is simply the basis for their claim that Defendant has violated the discharge injunction. The relief sought in the Complaint does not include avoidance of the mortgage. Nor would such a request be procedurally proper.[1] Plaintiffs were debtors in underlying Chapter 7 Case Number 10-37910, which was administratively closed on April 4, 2011,[2] and have not sought to reopen the case.[3] *See* 11 U.S.C. §350(b). While other issues are raised in Defendant's motion, Plaintiffs' Complaint raises and the court addresses only a claim for violation of the discharge injunction.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising in or related to a case under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to enforce the discharge injunction are core proceedings that this court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(O). For the reasons that follow, Defendant's Motion will be granted.

### A. Rule 12(b)(6) Standard

As stated above, the court construes Defendant's response to the Complaint as a motion to dismiss

---

[1] Such a request would also be substantively improper. *See Bank of Am, N.A. . v. Caulkett*, – U.S. –, 135 S.Ct. 1995 (2015) (Chapter 7 debtor may not strip off a junior mortgage lien under § 506(d) when the debt owed on a senior mortgage lien exceeds the current value of the collateral if the creditor's claim is both secured by a lien and allowed under § 502 of the Bankruptcy Code). This has long been settled law in the Sixth Circuit, preceding the filing in 2010 of Plaintiffs' underlying Chapter 7 case. *Talbert v. City Mortgage Services (In re Talbert)*, 344 F.3d 555(6th Cir. 2003). In contrast, it has also long been settled law in the Sixth Circuit that a junior mortgage lien unsupported by any equity in a debtor's real estate can be avoided in a Chapter 13 case, with the mortgagee's claim paid through a plan as unsecured. *In re Lane*, 280 F.3d 663 (6th Cir. 2002). But the underlying case is not a Chapter 13 case and the court declines to turn it into one under the guise of a contempt action involving Chapter 7 discharges.

[2] The court takes judicial notice of the contents of its case docket. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (10th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it); *United States v. Brugnara*, 856 F.3d 1198, 1209 (9th Cir. 2017) (stating that district court may properly take judicial notice of its own records).

[3] Although Plaintiffs argue in their response to Defendant's motion that the bankruptcy case should be reopened because "this case presents a clear potential for relief to the debtors," [Doc. # 16, p.2], they have not filed a motion to reopen in their underlying Chapter 7 bankruptcy case.

under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Bishop v. Lucent Technologies, Inc.* 520 F.3d 516, 519 (6th Cir. 2008).

**B. Background Facts**

In their Complaint, Plaintiffs allege as follows:

1. Plaintiffs filed for relief under Chapter 7 of the Bankruptcy Code, Case Number 10-37910, on November 29, 2010, and included in that filing a debt owed to GMAC, Defendant's predecessor, that was not reaffirmed. [Complaint, ¶ 1].

2. Plaintiffs received discharges under 11 U.S.C. § 727(b). [Complaint, introductory paragraph].

3. Plaintiffs' principal residence located at 3027 S. Mabel Lane, Port Clinton, ("the Property") was among the assets owned by them at the commencement of that case. [*Id*. at ¶ 3].

4. Plaintiffs "are informed and believe" that the fair market value of the Property is $62,140.00 or less. [*Id*. at ¶ 4].

5. "[O]n the day the petition was filed," the obligation to the holder of a first mortgage on the Property had a principal balance of $85,930.44. [*Id.* at ¶ 5].

6. "[O]n the day the petition was filed," the obligation to GMAC/M & I Bank, which held a second mortgage on the Property, had a principal balance of $20,000.00, not including fees and charges. [*Id.* at ¶ 6].

7. "There is therefore no equity in the Property in that the balance to Nation Star (the First Mortgage) exceeds the value of the Property." [*Id.* at 7].

8. "Defendant therefore is attempting to force a foreclosure that will have the effect of taking a discharged debt from the Chapter 7 and force a collection action against the Plaintiff [sic] in direct violation of 11 U.S.C. § 524." [*Id.* at ¶ 8].

The foreclosure referenced by Plaintiffs in their Complaint was commenced by Defendant on September 14, 2017, in the Court of Common Pleas, Ottawa County, Ohio. [*See* Doc. # 3, Motion to Dismiss, Ex. 1]; *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim). The Foreclosure Complaint states that "Randy E. Witt and Sherry E. Witt's obligations on the Note are purported to have been discharged on or about March 30, 2011 in a Chapter 7 Bankruptcy proceeding. As such, Plaintiff makes no claim for money judgment based on the Note default at this time." [Doc. # 3, Ex. 1, ¶ 8].

**C. Discussion**

Once an order granting a discharge is entered, § 524(a) of the Bankruptcy Code gives rise to an injunction against "the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor. . . ." 11 U.S.C. § 524(a)(2). A bankruptcy discharge, however, "does not terminate a secured creditor's in rem rights unless the creditor's lien was avoided during the bankruptcy." *In re Jackson*, 554 B.R. 156 (B.A.P. 6th Cir. 2016), *aff'd* 2017 WL 8160941 (6th Cir. Oct. 18, 2017); *see Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991)("[A] creditor's right to foreclose on [a] mortgage survives or passes through bankruptcy," thus "a foreclosure action in which the mortgagee does not seek a deficiency judgment may be brought without violating the terms of the debtor's discharge").

There is no private right of action under § 524(a)(2) for violation of the discharge injunction. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000). Rather creditors who willfully violate the discharge injunction of § 524(a) are in contempt of the court that issued the discharge order. *Lohmeyer v. Alvin's Jewelers (In re Lohmeyer)*, 365 B.R. 746, 749 (Bankr. N.D. Ohio 2007). A debtor may therefore enforce the discharge injunction through contempt proceedings. *Pertuso*, 233 F.3d at 421("[T]he traditional remedy for violation of an injunction lies in contempt proceedings...."). As another judge in this district observed, "courts routinely hear contempt actions brought as adversary proceedings, notwithstanding the fact that the traditional method of bringing such matters before the court is by motion" since an adversary proceeding provides the defendant with more, not less, procedural protections than in a Rule 9014 contested matter brought by motion. *Motichko v. Premium Asset Recovery Corp. (In re Motichko),* 395 B.R. 25, 32-33

4

(Bankr. N.D. Ohio 2008) (citing cases). *But see In re Reedy*, Case No. 13-62960, Adv. No. 14-6044, 2014 WL 6461815 *1(Bankr. N.D. Ohio Nov. 14, 2014)(failure to bring contempt action as a motion instead of in an adversary complaint is procedurally fatal). Notably, Bankruptcy Rule 7012 and thus Rule 12(b)(6) do not automatically apply to a motion that is a contested matter under Bankruptcy Rule 9014, which a motion for an order of contempt is under Bankruptcy Rule 9020. *See* Fed. R. Bankr. P. 9014(a). In choosing to proceed through an adversary complaint, Plaintiffs have exposed this proceeding to Defendant's Rule 12(b)(6) motion.

The Sixth Circuit has not specifically addressed the elements of a contempt proceeding for violation of the discharge injunction. *Cf. In re Taggart*, 888 F.3d 438, 443 (9th Cir. 2018); *Bates v. CitiMortgage, Inc.*, 844 F.3d 300, 304 (1st Cir. 2016)(includes objective coercion or harassment standard as an element). Following the lead of *Pertuso*, bankruptcy courts in the Sixth Circuit apply its general standards for civil contempt of a federal court order. *E.g. In re Humbert*, 567 B.R. 512, 519 (Bankr. N.D. Ohio 2017); *In re Holley*, 473. B.R. 212, 214-15 (6th Cir. 2012)(citing *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)). In a civil contempt proceeding, three elements must be established: "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999) (also citing *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)). Defendant argues that Plaintiffs have not alleged any act that violates the court's orders granting Plaintiffs' their discharges.[4] The court agrees.

The thrust of Plaintiffs' Complaint and their argument in opposition to Defendant's motion is based upon their allegation that Defendant's second mortgage has no value and their conclusory statement that "Defendant therefore is attempting to . . .force a collection action against the Plaintiff in direct violation of § 524." [Doc. # 1, ¶ 8; *see* Doc. # 16, p. 3]. The Sixth Circuit Bankruptcy Appellate Panel rejected a similar argument in *In re Jackson*, 554 B.R. 156 (B.A.P. 6th Cir. 2016), *aff'd* 2017 WL 8160941 (6th Cir. Oct. 18,

---

[4]In relying upon the Sixth Circuit's general standard for civil contempt of federal court injunctions and other orders, bankruptcy courts in the Sixth Circuit apply essentially a strict liability standard in finding a violation of the discharge injunction. *In re Waldo*, 417 B.R. 854, 890-91 (Bankr. E.D. Tenn. 2009). Thus bankruptcy courts in the Sixth Circuit routinely hold that an alleged contemnor's subjective good faith belief that its actions did not violate the discharge is not a defense in a contempt action. *E.g. In re Martin*, 474 B.R. 789 (Table), 2012 WL 907090 at *6 (B.A.P. 6th Cir. 2012)("A creditor's mistaken belief that its actions were lawful or did not violate § 524(a) is not a defense to a contempt action.")(citing *In re McCool*, 446 B.R. 819, 823 (Bankr. N.D. Ohio 2010); *In re Joseph*, 584 B.R. 696, 705 (Bankr. E.D. Ky. 2018); *see also In re Ritchey*, 512 B.R. 847, 858-59 (Bankr. S.D. Tex. 2014). In contrast to bankruptcy courts in the Sixth Circuit, some other courts are more deferential to creditors in addressing certain violations of the discharge injunction. The Ninth Circuit, for example, recently held that a contemnor's subjective good faith belief that its actions do not violate the discharge injunction is a defense to a contempt motion, even if that belief is unreasonable. *In re Taggart*, 888 F.3d at 444.

5

2017), cited by Defendant.

In *In re Jackson*, a condominium unit owners association ("the owners association") held an Ohio statutory lien against the Chapter 7 debtor's condominium for both prepetition and postpetition fees owed by the debtor. *In re Jackson,* 554 B.R. at 160. The owners association and the first mortgage holder had obtained a decree of foreclosure in a foreclosure action commenced prepetition in state court. After the debtor had received his Chapter 7 discharge, the association returned to state court and filed a praecipe in the foreclosure action to schedule a sheriff's sale of the debtor's condominium. *Id.* at 160. Before the sale, the debtor moved to reopen his bankruptcy case, arguing that the association was attempting to collect discharged debts. *Id.* at 161. The bankruptcy court agreed. It considered the lack of equity in the property coupled with testimony regarding a shortfall in the owners association's accounts and concluded that the purpose of moving forward with the foreclosure was to force payment by the debtor of the outstanding amounts owed to the owners association. *Id.* at 163.

The Sixth Circuit Bankruptcy Appellate Panel reversed the bankruptcy court's decision, finding that the court abused its discretion in concluding that the owners association was pursuing the foreclosure as a disguised in personam action. *Id.* at 166. It noted that the bankruptcy court had not considered that the sale price for a foreclosure cannot be known until the sale actually occurs and found that "the bankruptcy court effectively imposed an 'equity requirement' that is not part of the Ohio foreclosure sale process." *Id.* It stated further that the bankruptcy court "misunderstands the motivation of [the owners association]." *Id.* The testimony of the Treasurer of the owners association was that the association was struggling to address concerns arising out of homeowners being delinquent on their condominium assessments and fees. The Panel found such testimony consistent with the association's legal position that the purpose of the foreclosure was "to 'stop the bleed' and have a reliable, paying owner take title to the Condominium." *Id.* at 165.

While the Panel found that the record did not support the bankruptcy court's stated rationale for refusing to allow the owners association to exercise its in rem rights as to prepetition amounts owed, the Panel further found that, "looking beyond this fact pattern, such a standard would chill secured creditors' exercise of their in rem rights." *Id.* at 167. The Panel emphasized that "any exercise of in rem rights includes either the intended or unintended consequence of requiring the debtor to voluntarily cure arrearages, including prepetition arrearages, or face the loss of the collateral." *Id.*

In this case, construing Plaintiffs' complaint in a light most favorable to them and accepting their

factual allegations as true, the sole basis of their claim that Defendant has violated the discharge injunction is that Defendant filed a foreclosure action against the Property, which has a fair market value that is less than the first mortgage on the Property such that Defendant will receive nothing on account of its second mortgage through the foreclosure. However, Defendant's foreclosure complaint filed in state court specifically states that it does not seek a money judgment against Plaintiffs. And Plaintiffs do not allege that Defendant has taken any other action to collect a debt from them on an in personam basis. Plaintiffs' complaint alleges only Defendant's exercise of its in rem rights, which were not extinguished by Plaintiffs' bankruptcy discharges. *Cf. In re Mejia*, 559 B.R. 431 (Bankr. D. Md. 2016)(in a case also involving a Partners for Payment Relief entity, it violated the discharge injunction by extracting a procedurally improper post-discharge reaffirmation agreement from debtor as a condition of staying in her home after an in rem foreclosure proceeding had been completed). To the extent that Plaintiffs allege that because the value of the Property is less than the first mortgage, Defendant is therefore forcing a collection action against them, the allegation is conclusory at this point and does not suffice to defeat the motion to dismiss. The court is not required to construe a conclusory allegation as true for purposes of deciding a motion to dismiss for failure to state a claim. *Bishop*, 520 F.3d 516 at 519.

Moreover, the Panel's reasoning in *In re Jackson* rejects an approach that imposes an "equity requirement" that is not part of the Ohio foreclosure sale process and considers the motivation of a creditor in pursuing its in rem rights. As the Panel explained, requiring a debtor to voluntarily cure arrearages or face the loss of collateral is simply a consequence, whether intended or unintended, of any exercise of a creditor's in rem rights. And even if considering the mortgagee's motives is proper, *compare In re Paul*, 534 F.3d 1303, 1308 (10th Cir. 2008)(applies objective coercion standard for violation of the discharge injunction notwithstanding the facial permissibility of a lawsuit or other action by a creditor) *with In re Kuehn,* 563 F.3d 289, 292 (7th Cir. 2009)(court approves "coercive effects test" for violation of discharge injunction, where a creditor acts in a coercive manner "with the sole purpose" of collecting a discharged debt), the mere fact that Defendant might receive nothing if the Property were sold to a third party at a foreclosure sale does not necessarily mean that the foreclosure action is a disguised in personam action to collect the discharged debt. With the crux of Plaintiffs' claim that the foreclosure action "is a tactic to either set up an opportunity to lie in wait to coerce later payment on the discharged loan or an effort to diminish the value of the discharge," *Connor v. JP Morgan Chase Bank*, Case No. 15 C 8601, 2016 WL 7201189, *34 (D. N.D. Ill. March 22, 2016), not enough facts have been alleged to state a claim for relief.

At most, Plaintiffs' complaint "merely creates a suspicion of a legally cognizable right of action," which, under *Twombly,* is insufficient to survive a Rule 12(b)(6) motion to dismiss. *Bishop,* 520 F.3d at 519.

For all of the foregoing reasons and authorities, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Doc. # 3] be, and hereby is, **GRANTED.** The court will enter a separate order of dismissal in accordance with this Memorandum of Decision and Order.

###